J-S37011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONSEAN JOHNSON | : | |
| | : | |
| Appellant | : | No. 2824 EDA 2018 |

Appeal from the Order Entered August 17, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1303639-2006,
CP-51-CR-1303640-2006

BEFORE:  BOWES, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY BOWES, J.:          **FILED SEPTEMBER 10, 2019**

Ronsean Johnson appeals from the August 17, 2018 order dismissing his PCRA petition.  We quash the appeal as interlocutory.

On February 26, 2008, Appellant was convicted of two counts of first-degree murder and one count of conspiracy in the shooting death of two men in the 1700 block of South 55th Street in Philadelphia.  He was sentenced to consecutive life sentences on the murder convictions and a concurrent sentence of ten to twenty years of imprisonment on the criminal conspiracy conviction.  Judgment of sentence was affirmed by this Court on September 1, 2009, and discretionary review was denied by the Supreme Court. **Commonwealth v. Johnson**, 986 A.2d 1257 (Pa.Super. 2009) (unpublished memorandum).  Appellant filed a *pro se* PCRA petition and obtained reinstatement of his right to file a petition of allowance of appeal *nunc pro*

*tunc*, but allowance of appeal was ultimately denied on November 8, 2012. ***Commonwealth v. Johnson***, 56 A.3d 396 (Pa. 2012).

Appellant filed a timely *pro se* PCRA petition on August 21, 2013. Counsel was appointed, and on September 11, 2017, counsel filed a ***Turner/Finley*** no-merit letter. After conducting a review of the no-merit letter and the record, the PCRA court issued Rule 907 notice of its intent to dismiss the petition without a hearing. Appellant filed a response to the notice, and on January 19, 2018, counsel moved to withdraw. Appellant filed a *pro se* notice of appeal to this Court on January 31, 2018, which we quashed as interlocutory on May 18, 2019, as there was no order dismissing the PCRA petition.

On May 23, 2018, the PCRA court dismissed Appellant's petition and granted counsel's petition to withdraw. On June 4, 2018, Appellant filed a motion asking the PCRA court to rescind that order as he had not had an opportunity to respond to the Rule 907 notice and counsel's no-merit letter. By order of June 18, 2018, the PCRA court rescinded its May 23, 2018 order dismissing the PCRA petition, and permitted Appellant to file a Rule 907 response by July 17, 2018. Instead of filing a response, however, Appellant filed a notice of appeal on June 22, 2018, from the May 23rd order. On July 16, 2018, Appellant belatedly filed a response to counsel's ***Turner/Finley*** letter and Rule 907 notice. We quashed Appellant's appeal as interlocutory. On September 11, 2018, Appellant filed the instant notice of appeal purporting to be from an August 17, 2018 order denying PCRA relief.

- 2 -

The Commonwealth contends that the instant appeal should be quashed as interlocutory as no final order has been entered on Appellant's PCRA petition. In addition, this Court issued a rule to show cause as to why the current appeals should not be quashed in light of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), as Appellant failed to file a separate notice of appeal at each docket where an order disposed of issues at that docket.

Appellant purports to appeal from a final order issued August 17, 2018, but the certified record contains no such order or any order finally disposing of Appellant's PCRA petition. Therefore, the instant appeal is interlocutory, and we quash it on that basis.[1]

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/19

---

[1] Appellant would be well-served by familiarizing himself with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), and its requirement that where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case or quashal is mandated.